## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **DONALD LAWSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **CIVIL ACTION NO.** |
| | : | |
| | : | |
| **TSAY/FERGUSON-WILLIAMS, LLC.** | : | **CV422-070**_____ |
| | : | |
| | : | |
| **Defendant.** | : | **JURY TRIAL REQUESTED** |
| | : | |

_____

## COMPLAINT

COMES NOW DONALD LAWSON ("Mr. Lawson") by and through his counsel of record and files this Complaint against Defendant TSAY/Ferguson-Williams, LLC and shows the Court as follows:

## INTRODUCTION

Plaintiff Donald Lawson ("Mr. Lawson") brings this action under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101, *et seq*. ("ADAAA"), against his former employer, Defendant TSAY/Ferguson-Williams, LLC ("TSAY/FW"). As described in more detail below, Mr. Lawson has

a disability arising from chronic lower and middle back pain. To help manage the pain, Mr. Lawson takes medication prescribed by his doctor.  TSAY/FW was well aware of the Mr. Lawson's medication at the time it offered him employment. Indeed, Mr. Lawson presented a specific list of medications during his interview with TSAY/FW.  Knowing the list of medications, TSAF/F-W employed him and placed him on the worksite performing all duties associated with the position for which he applied, interviewed and was hired.  On November 30, 2020, Mr. Lawson was informed that his employment was terminated because he was taking the prescribed medicine he uses to treat his disabling condition of which TSAY/FW was expressly informed before his employment was terminated.   No interaction regarding accommodating Mr. Lawson's medical condition was forthcoming and he was summarily discharged.  Mr. Lawson brings this action seeking TSAY/FW's compliance with the ADAAA.

## JURISDICTION AND VENUE

### 1.

The jurisdiction of the Court is conferred pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343(a)(3), (a)(4) (civil rights).

2.

Venue is proper in this Court under 28 U.S.C. § 1391 because it is a district wherein Defendant TSAY/FW resides or does business and where a substantial part of the events or omissions giving rise to Mr. Lawson's claims occurred. Venue is further proper under 42 U.S.C. § 2000e-5(f)(3) because it is the district in which the unlawful employment practices were committed.

## PARTIES

3.

Plaintiff Donald Lawson is a citizen of the United States, who resides in Effingham County, Georgia. Mr. Lawson was employed by Defendant TSAY/FW as a Water Plant Operator until unlawful termination of his employment on November 30, 2020.

4.

Defendant TSAY/FW is a private company doing business in Fort Stewart, Liberty County, Georgia in the Savannah Division of the U.S. District Court for the Southern District of Georgia. TSAY/FW can be served with process by serving its registered agent, Kim Clary, 1117 Veterans Parkway, Building 1114, Fort Stewart, Georgia 31315.

5.

Defendant TSAY/FW was Mr. Lawson's employer at all times relevant to this action.

6.

Defendant TSAY/FW is, and was at all times relevant to this action, an "employer" engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5) and has employed over five hundred (500) persons for the requisite duration as provided in 42 U.S.C. § 1981a(b)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.

Mr. Lawson timely filed U.S. Equal Employment Opportunity Commission (EEOC) Charge No. 415-2019-00616 on February 19, 2021 and received a notice of right to sue dated December 30, 2021. See attached Exhibits A and B, respectively. Mr. Lawson files this action within ninety (90) days of his receipt of the notice of right to sue.

8.

All conditions precedent to jurisdiction under the ADAAA have occurred, including Mr. Lawson's exhaustion of all applicable administrative remedies,

including specifically his timely filing of a Charge of Discrimination with the EEOC, and his timely filing of this action.

## FACTUAL BACKGROUND

### 9.

On October 13, 2020, Mr. Lawson had an initial interview with TSAY/FW manager (and registered agent) Kim Clary.  After his interview, by the time he got to the TSAY/FW parking lot, Ms. Clary offered him the job of Water Plant Operator.

### 10.

Mr. Lawson had over twelve (12) years of experience with the City of Savannah performing the same work for which TSAY/FW hired him.

### 11.

Shortly after having offered Mr. Lawson the position, he was directed back to the TSAY/FW premises for an additional meeting on October 22, 2020 to fill out paperwork and give consent for background check and drug test.

### 12.

During the October 22, 2020 meeting, Mr. Lawson was directed by Ms. Clary to complete the on-boarding paperwork which included his signed letter accepting the job.

13.

During the October 22, 2020 meeting, Mr. Lawson provided Ms. Clary a complete list of his medications printed on letterhead of his physician with the physician's contact information.

14.

During the on-boarding meeting, Ms. Clary asked Mr. Lawson whether he had any disabilities that prevented him from performing the job.

15.

Before Ms. Clary asked Mr. Lawson whether he had disabilities, Ms. Clary already knew Mr. Lawson's condition of back and neck pain and the specific medications he took for that pain.

16.

Mr. Lawson replied to Ms. Clary's disability inquiry responding that he had performed almost the same job at the City for over twelve (12) years.

17.

On November 2, 2020, Mr. Lawson provided a urine sample for the required drug test.

18.

The drug test came back negative for all illegal drugs.

19.

To no one's surprise, the drug test demonstrated a positive result for the medications on the list he provided Ms. Clary on October 22, 2020.

20.

According to TSAY/FW, Mr. Lawson passed the background check and the drug testing.

21.

After passing the background check and drug testing, Mr. Lawson was directed by Ms. Clary to report to the TSAY/FW worksite at Fort Stewart on November 12, 2020, to perform the Water Plant Operator job for which he was hired.

22.

Mr. Lawson's first assignment was to ride "passenger seat training" with a Senior Water Plant Operator.  Mr. Lawson rode passenger seat again the following Monday and Tuesday.

23.

On Tuesday, November 16, 2020, and to no one's surprise given his experience performing essentially the same job at the City for over twelve (12) years, the TSAY/FW trainer informed Mr. Lawson that he was "more than trained."

24.

On Wednesday, November 18, 2020, Mr. Lawson was released to perform all responsibilities of the Water Plant Operator position unsupervised.

25.

Mr. Lawson continued working unsupervised performing all responsibilities of the position as directed by TSAY/FW through the time of the Thanksgiving Day holiday until November 30, 2020.

26.

On November 30, 2020, Mr. Lawson was informed by Kim Clary that his employment with TSAY/FW was being terminated due to the pain medication that he takes for his medical condition, as disclosed to TSAY/FW.

27.

In the meeting during which Ms. Clary informed Mr. Lawson that his employment with TSAY/FW was being terminated, Mr. Lawson asked if there was anything that he could do to keep his job, including providing assurances from his doctor and/or changing his medication.

28.

Ms. Clary agreed to contact corporate management and asked Mr. Lawson to wait to hear back from TSAY/FW.

29.

Relying on Ms. Clary's representation that she was presenting information regarding his disability and medications to her corporate supervisors, Mr. Lawson immediately sought the information from his physician that he had offered to Ms. Clary on November 30, 2020.

30.

On December 1, 2020, Mr. Lawson informed Ms. Clary that he had secured a note signed by his doctor stating that the medications he was prescribed did not affect his ability to work or drive.

31.

Ms. Clary responded to Mr. Lawson on December 1, 2020 directing him to provide the information and she would talk to her corporate supervisors.  He provided the information that day.

32.

On December 3, 2020, Mr. Lawson called Ms. Clary again to get an update and she assured Mr. Lawson that she was waiting to hear back from her corporate supervisors.

33.

TSAY/FW failed to interact with Mr. Lawson again.

## COUNT I

### DISCRIMINATION BASED ON FAILURE TO
### REASONABLY ACCOMMODATE MR. LAWSON'S DISABILITY

34.

During his tenure of employment with TSAY/FW, Mr. Lawson informed TSAY/FW that he was taking specified prescription medicine due to a history of prior injury and continuing back and neck pain.

35.

During his tenure of employment with TSAY/FW, Mr. Lawson was granted an accommodation allowing him to work while taking his lawfully prescribed medications.

36.

At all times relevant to this action, Mr. Lawson had a physical impairment – to wit, a back and neck injury with ongoing physical pain that substantially limited one or more of his major life activities, including but not limited to performing certain manual tasks, reaching, lifting, and working.  42 U.S.C. § 12102(2)(A), 29 C.F.R. § 1630.2(i), (j).

37.

At all times relevant to this action, Mr. Lawson was a qualified individual with a disability within the meaning of the ADAAA.  42 U.S.C. §§ 12111(8),

12102(1).

38.

At all times relevant to this action, Mr. Lawson's physical impairment and lawfully prescribed drugs treating that impairment, as described herein, were known to Defendant.

39.

Despite his physical impairment and prescribed drug treatment, on November 12, 2020 and at all times subsequent thereto, Mr. Lawson successfully performed all essential functions of his position as Water Plant Operator for TSAY/FW.

40.

TSAY/FW was well aware of and could have reasonably accommodated Mr. Lawson's Mr. Lawson's disability related to his back and neck injury – and, indeed, did accommodate that injury by knowingly allowing him to work as a Water Plant Operating, performing all responsibilities of that position, while taking his lawfully prescribed medication.

41.

Upon threat of termination, Mr. Lawson requested further accommodations, including without limitation, specifically proposing to TSAY/FW a change in his medication.

42.

After Mr. Lawson sought such further accommodation, Defendant promised to consider such an accommodation but failed to further interact with Mr. Lawson regarding the matter, as required by the ADAAA.  42 U.S.C. §§ 12112(a), 12112(b)(5)(A).

43.

Defendant TSAY/FW discriminated against Mr. Lawson in violation of the ADAAA on the basis of his disability when it failed to engage in an interactive dialogue with Mr. Lawson and denied him a reasonable accommodation that would have allowed him to continue to successfully perform his responsibilities as a Water Plant Operator. 42 U.S.C. §§ 12112(a), 12112(b)(5)(A).

44.

Defendant had no significant difficulty or expense in providing Mr. Lawson a reasonable accommodation.  42 U.S.C. § 12111(10).

45.

Defendant violated the ADAAA intentionally, and with malice and reckless indifference to Mr. Lawson's federally protected rights. 42 U.S.C. §§ 12112(a), (b)(5)(A), 1212(b)(5)(B), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

46.

As a direct and proximate result of Defendant's failure to accommodate his disability, Mr. Lawson suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial. 42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981a(a)(2), 1981a(b).

47.

Moreover, Mr. Lawson is entitled to reinstatement to employment by Defendant TSAY/FW and, if reinstatement is not feasible under the circumstances, he is entitled to an award of damages for future lost income and benefits of employment. 42 U.S.C. § 12117(a).

## COUNT II

### DISCRIMINATION BECAUSE TSAY/FW
### REGARDED MR. LAWSON AS HAVING A DISABILITY

48.

Defendant's discharge of Plaintiff violated the ADAAA which prohibits discrimination against qualified individuals because of an actual or perceived physical or mental impairment. 42 U.S.C. §§ 12112(a), 12102(1)(C), 12102(3).

49.

At the time Mr. Lawson's employment was terminated, TSAY/FW knew of Mr. Lawson's physical impairment and knew of the prescribed medications allowing Mr. Lawson to perform the job without unnecessary pain and discomfort.

50.

Defendant intentionally, and with reckless indifference to Mr. Lawson's rights, violated the ADAAA by terminating his employment because of a physical or mental impairment perceived by Defendant to exist, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA. 42 U.S.C. § 12112(a), 12102(1)(C), 12102(3), 29 C.F.R. § 1630.2 (g), (l).

51.

As a direct and proximate result of Defendant's intentional discrimination, Mr. Lawson suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

52.

Moreover, Mr. Lawson is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, he is entitled

to an award of damages for future lost wages and benefits of employment.  42 U.S.C. § 12117(a).

## COUNT III

## DISCRIMINATION ON THE BASIS OF DISABILITY

53.

At all times relevant to this action, Mr. Lawson had a disability within the meaning of the ADAAA.

54.

At all times relevant to this action, Mr. Lawson had a physical impairment that substantially limited one or more of his major life activities, including but not limited to performing certain manual tasks, walking, standing, lifting, bending and working.  42 U.S.C. § 12102(2)(A), 29 C.F.R. § 1630.2(i).

55.

At all times relevant to this action, Mr. Lawson's physical impairment was known to Defendant TSAY/FW.

56.

Mr. Lawson specifically informed TSAY/FW of his back and neck injury and the specific medications lawfully prescribed to treat that injury during the meeting on October 22, 2022 in which Defendant Mr. Lawson entered into a written contractual employment relationship.

57.

At all times relevant to this action, Defendant knew the specific prescribed medications Mr. Lawson use to treat his disability.

58.

Despite his physical impairment and without regard to his prescribed medications, Mr. Lawson was able to safely perform all of the essential functions of his position at TSAY/FW with or without a reasonable accommodation – as demonstrated by Mr. Lawson's performance of the Water Plant Operator position from November 12, 2020 through November 30, 2020.

59.

Defendant discriminated against Mr. Lawson in violation of the ADAAA when it limited, segregated, and classified Mr. Lawson in a way that caused or otherwise contributed to termination of his employment because of disability.  42 U.S.C. § 12112(b)(1).

60.

Defendant discriminated against Mr. Lawson in violation of the ADAAA when it utilized other standards, criteria or methods of administration that caused or otherwise contributed to the termination of Mr. Lawson's employment because of his disability.  42 U.S.C. § 12112(b)(3).

61.

Defendant discriminated against Mr. Lawson in violation of the ADAA when it terminated Mr. Lawson's employment of the basis of his disability.  42 U.S.C. §§ 12112(a), 12102(1)(A).

62.

Defendant intentionally, and with reckless indifference to Mr. Lawson's rights, violated the ADAAA by terminating his employment because of Mr. Lawson's actual impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA.  42 U.S.C. §§ 12112(a), 12102(1)(A).

63.

As a direct and proximate result of Defendant's intentional discrimination, Mr. Lawson suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981a(2), 1981a(b).

64.

Moreover, Mr. Lawson is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, he is entitled

to an award of damages for future lost wages and benefits of employment.  42 U.S.C. § 12117(a).

## COUNT IV

### DISCRIMINATION BASED ON MR. LAWSON'S RECORD OF DISABILITY

65.

At the time his employment was terminated, Mr. Lawson had a record of impairment as defined by the ADAAA in that he had a history of substantially limiting physical impairments, including a history of back and neck injury causing substantial ongoing pain.  42 U.S.C. §§ 12112(a), 12102(1)(B); 29 C.F.R. § 1630.2 (g), (k).

66.

Indeed, Mr. Lawson offered a record of impairment in the same meeting on October 22, 2022 during which Defendant Mr. Lawson entered into a written contractual employment relationship.

67.

Mr. Lawson offered to produce further record of his impairment during the November 30, 2020 meeting in which his employment was tentatively terminated pending consideration by Ms. Clary's corporate supervisors, which offer was accepted by TSAY/FW – whereupon Mr. Lawson produced such further record of

impairment on December 1, 2020, whereupon, in turn, Ms. Clary assured Mr. Lawson that further consideration by her corporate supervisors was forthcoming.

68.

Based upon the record of impairment offered by Mr. Lawson, his employment was terminated by TSAY/FW.

69.

Defendant's discharge of Mr. Lawson violated the ADAAA which prohibits discrimination against a qualified individual because of disability, including a record of disability.  42 U.S.C. §§ 12112(a), 12102(1)(B).

70.

Defendant intentionally, and with reckless indifference to Mr. Lawson's rights, violated the ADAAA by terminating his employment because of Mr. Lawson's record of physical impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA.  42 U.S.C. § 12112(a), 12102(1)(B).

71.

As a direct and proximate result of Defendant's intentional discrimination, Mr. Lawson suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience,

loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981a(2), 1981a(b).

72.

Moreover, Mr. Lawson is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, he is entitled to an award of damages for future lost wages and benefits of employment.  42 U.S.C. § 12117(a).

**COUNT V**

**RETALIATION AND COERCION BECAUSE OF PROTECTED ACTIVITY UNDER THE ADAAA**

73.

As a direct and proximate result of Mr. Lawson having requested reasonable accommodations, including without limitation a request that he be able to work with his lawfully prescribed medications or a change of medications, Defendant TSAY/FW violated the ADAAA in retaliating against Mr. Lawson by terminating his employment.  42 U.S.C. § 12203(a).

74.

The ADAAA requires TSAY/FW to have continued to provide Mr. Lawson the reasonable accommodation to which it already had committed from November 12, 2020 through November 30, 20202, to wit, allowing Mr. Lawson to continue to

successfully perform his responsibilities as a Water Plant Operator under his lawfully prescribed medication regime.

75.

The ADAAA requires TSAY/FW to have provided Mr. Lawson a reasonable accommodation allowing Mr. Lawson to continue to successfully perform his responsibilities as a Water Plant Operator, whether that accommodation was a change in medication as specifically requested by Mr. Lawson or an accommodation arising out of an interactive dialogue which dialogue never occurred or was abandoned by TSAY/FW.

76.

After requesting the specific accommodation of a change in medication, TSAY/FW retaliated against Mr. Lawson by failing to interact with him regarding the specific requested accommodation and by terminating his employment, in violation of the ADAAA. 42 U.S.C. § 12203(a).

77.

In failing to consider his specific requested accommodation and failing to engage in an interactive dialogue with Mr. Lawson, TSAY/FW violated the ADAAA by interfering with Mr. Lawson's exercise and enjoyment of those rights and his right to a reasonable accommodation.  42 U.S.C. § 12203(b).

78.

As a direct and proximate result of Defendant's intentional retaliation and interference, Mr. Lawson suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial. 42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

79.

Moreover, Mr. Lawson is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, he is entitled to an award of damages for future lost wages and benefits of employment. 42 U.S.C. § 12117(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

a)    For his claims to be tried before a jury;

b)    For Judgment to be entered against Defendant for its violations of Mr. Lawson's rights under the ADAAA;

c)    For Judgment requiring Defendant to make Mr. Lawson whole by reimbursing him for out-of-pocket losses as well as lost compensation in an amount equal to the sum of any wages, salary, employment

benefits or other compensation or benefits denied or lost as a result of its violation of Mr. Lawson's rights under federal law;

d)    For Judgment requiring Defendant to compensate Mr. Lawson for his mental and emotional distress damages suffered as a result of its violation of Mr. Lawson's rights under federal law;

e)    For Judgment awarding Mr. Lawson punitive damages against Defendant as appropriate in an amount determined by a jury;

f)    For an Order reinstating Mr. Lawson to his former position or providing him front pay in lieu of reinstatement;

g)    For an Order granting Mr. Lawson reasonable attorney's fees and reimbursement of reasonable expert witness fees together with any and all other costs associated with this action, as provided by law;

h)    That Mr. Lawson be awarded prejudgment and post-judgment interest;

i)    For a permanent injunction enjoining Defendant and its successors, deputies, agents, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which interferes with, or fails to fulfill, their obligations under federal law;

j)    For an order requiring Defendant and its managerial employees to complete training regarding their employees' rights under federal law; and

k)      For such further relief as necessary to fulfill the purposes of the federal

laws under which Mr. Lawson brings his claims, or as the Court

otherwise deems just and proper.

RESPECTFULLY SUBMITTED, this 28th day of March, 2022.


/s/ S. Wesley Woolf_____
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*


WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net