UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DONALD LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-070 |
| | ) | |
| TSAY/FERGUSON-WILLIAMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Tsay/Ferguson-Williams, LLC moves to seal certain exhibits to its Renewed Motion for Summary Judgment.  Doc. 97.[1] Defendant does not indicate whether Plaintiff consents to the sealing request, although Defendant's motion seeks to protect Plaintiff's medical information as well as its own trade secrets.  *See* doc. 97; S.D. Ga. L. Civ. R. 7.1 ("Where practical, parties should indicate whether a motion is unopposed.)  Defendant relies upon its Protective Order, doc. 35, to

---

[1] Defendant represents that it manually filed the relevant exhibits with the Court, doc. 96, but, in fact, it electronically uploaded them to the Court's electronic filing system. *See* doc. 97-1 – doc. 97-5. As a protective measure, the Clerk has removed the incorrectly filed exhibits from the public docket. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 79.7(b) (authorizing the Clerk to designate any materials accompanying a motion to seal as "sealed matter" and maintain the materials in a secure file pending a ruling on the Motion to Seal).

support its request to seal the exhibits. *See* doc 91 at 1-2. It offers, in a wholly conclusory fashion, that the exhibits should be protected from public disclosure because they "contain Plaintiff's medical and health information and Defendant's competitive process and pricing." *Id.* at 2.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh

Circuit reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted). The exhibits at issue are judicial records subject to the public's right of access.

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are

>sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Here, the Court is unable to balance the public's right of access against the parties' interest in keeping the information confidential, because Defendant did not even attempt to show good cause. *See generally* doc. 97. Rather, it cites solely to the parties' Protective Order as the basis for its sealing request. *Id.* Though a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order "does not make it so" when it comes to filing the document with the Court. *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). Even when

the motion to seal is presented without any challenge from the litigants, the judge remains " 'the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.' " *Id.* at 1363 (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

The Court, therefore, **DENIES** Defendant Tsay/Ferguson-Williams, LLC's Motion to Seal Exhibits 1, 19, 23, 25, and 33 to Its Renewed Motion for Summary Judgment, doc. 97, without prejudice. Defendant is free to file another motion seeking relief applying the appropriate legal standard.

**SO ORDERED**, this 6th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA